UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHAMBERLAIN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | No. 2:24-cv-00966-DAD-CKD (PS)<br><br><br><br>ORDER |

Plaintiff William Chamberlain, who is proceeding without counsel in this action, seeks leave to proceed in forma pauperis ("IFP").[1] *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing. Plaintiff's motion to proceed IFP (ECF No. 2) will therefore be granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only

---

[1] Because Plaintiff is self-represented, all pretrial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

## I. SCREENING

### A. Legal Standard

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§

1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

B.   The Complaint

Plaintiff brings this action against the Federal Election Commission. ECF No. 1. Plaintiff seeks an "Order of Sanctions against Federal Election Community pursuant to this Court's inherent power and 28 U.S.C. § 1927." Id. at 1. Plaintiff alleges he filed a "Bipartisan Campaign Reform act violation claim" with Defendant's general counsel but that Defendant "failed to make this claim public on its official public website, a violation of the rules of the FEC." Id. Plaintiff also appears to allege that after creating a "'Generic' political party" and a GoFundMe account "to solve the wildfire issue," "Chase Manhattan Bank illegally closed our bank account." Id. at 2. Plaintiff appears to allege a single cause of action against Defendant pursuant to 28 U.S.C. § 1927. Id. at 2-3. As relief, Plaintiff requests "this Judge enter an Order of sanctions against the F.E.C. and award to Plaintiff the reasonable attorneys' fees (1+8hr day= $8000.00), plus the Federal Presidential campaign Election Fund." Id. 3.

C.   Analysis

Plaintiff's complaint currently fails to state a claim upon which relief can be granted. Plaintiff's single cause of action pursuant to 28 U.S.C. § 1927 is not a cognizable cause of action. 28 U.S.C. § 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." However, "courts

have found that sanctions under 28 U.S.C. § 1927 [is not a] separate cause[] of action." Avocent Huntsville, LLC v. ZPE Sys., Inc., No. 3:17-CV-04319-WHO, 2018 WL 4859527, at *11 (N.D. Cal. July 23, 2018) (quoting InteraXon Inc. v. NeuroTek, LLC, No. 15-CV-05290-KAW, 2017 WL 24721, at *2 (N.D. Cal. Jan. 3, 2017).) In InteraXon Inc., the court did not permit plaintiffs to file a first amended complaint, to add, in part, a cause of action pursuant to 28 U.S.C. § 1927 because it did not provide for an independent cause of action. InteraXon, Inc., 2017 WL 2471, at 2 (citing a collection of cases). As such, the complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, Plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to Plaintiff is unclear from the complaint, which contains apparently disconnected events and circumstances that seem somewhat unrelated to the only defendant in this case. The court cannot tell from examining the complaint what legal wrong was done to Plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks.

Accordingly, the complaint does not establish this court's jurisdiction. Rather than recommending dismissal of the action, the undersigned will provide plaintiffs an opportunity to amend their complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

In light of Plaintiff's pro se status, the court grants Plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

If Plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and must set forth each of Plaintiff's legal causes of action in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim, and clearly identifying what legal cause of action is being asserted. Under each section, Plaintiff must then list the specific factual allegations supporting that particular claim. (For brevity, Plaintiff may refer to specific prior paragraphs.) For each claim, Plaintiff must allege what specific

conduct defendant engaged in, when the conduct occurred, and how the conduct harmed him. However, the statement of the claim should be kept relatively "short." Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires Plaintiff to file a first amended complaint. If Plaintiff determines that he is unable to amend the complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**III.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. **Within 30 days** of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  August 29, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, cham0966.24