

WILLIAM R. CHAMBERLAIN: SOVEREIGN CITIZEN
POOR PARTY ATTORNEY
7250 Old Miners Way
Mountain Ranch, CA 95246
Telephone: (530)737-3670
Email Address:
poorpartyusa@yahoo.com

OCT 15 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTEREN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY CHAMBERLAIN, | Case No. 2:24-cv-00966 - (DAD-CKD) |
| Plaintiff, | **Amended complaint** |
| vs. | **14th Amendment violation** |
| Defendant(s) | **1st Amendment violation** |
| FEC | **Bipartisan campaign reform act** |

**AMENDED COMPLAINT FOR JUDICIAL REVIEW UNDER 52 U.S.C. § 30109(a)(8) VIOLATION OF 14TH AND 1ST AMENDMENT RIGHTS**

## INTRODUCTION

1. Plaintiff William R. Chamberlain brings this action against the Federal Election Commission ("FEC") under **52 U.S.C. § 30109(a)(8)** for judicial review of the FEC's failure to act on an administrative complaint filed against Chase Manhattan Bank and Donald Trump for alleged violations of the Bipartisan Campaign Reform Act (BCRA), **52 U.S.C. §§ 30101-30146**.

2. Plaintiff seeks injunctive relief for violations of the First and Fourteenth Amendments to the U.S. Constitution. Specifically, the FEC's inaction amounts to a denial of Plaintiff's equal protection under the law (14th Amendment) and restricts his political speech (1st Amendment).

3. The administrative complaint was filed on October 6, 2020, and verbally dismissed by FEC staff without proper investigation in March 2022, well beyond the statutory **120-day** window under **52 U.S.C. § 30109(a)(8)(A)**.

## FACTUAL BACKGROUND

4. Plaintiff filed an administrative complaint against Chase Manhattan Bank and Donald Trump alleging campaign finance violations related to the Bipartisan Campaign Reform Act.

5. The FEC failed to investigate or formally respond within the **120-day** requirement, thereby violating **52 U.S.C. § 30109(a)(8)(A)**.

6. The FEC failed to provide written confirmation of dismissal or publish the complaint in a public forum, in violation of **52 U.S.C. § 30111(a)(8)**.

7. The FEC's failure to act has resulted in financial harm to Plaintiff, including lost political donations and a missed opportunity to run for the 2024 election, totaling approximately **$99 million** in independent expenditures.

8. The Plaintiff asserts that the FEC's failure to act violates his right to equal protection under the law, as similarly situated complainants have had their matters addressed in accordance with FEC procedures. (See **City of Cleburne v. Cleburne Living Center**, 473 U.S. 432 (1985)).

9. The FEC's failure to act further impairs Plaintiff's ability to participate in the political process, restricting his First Amendment rights to free speech and political expression.

## LEGAL CLAIMS

**First Cause of Action: Violation of 14th Amendment – Equal Protection**

10. The Fourteenth Amendment guarantees that no state or federal entity shall "deny to any person within its jurisdiction the equal protection of the laws" (U.S. Const. amend. XIV).
11. The FEC's selective inaction on Plaintiff's complaint violates the Equal Protection Clause by treating Plaintiff differently from other similarly situated complainants.
12. By refusing to act on Plaintiff's complaint, while routinely processing other complaints, the FEC's conduct is arbitrary, capricious, and lacks any legitimate governmental purpose.

**Second Cause of Action: Violation of 1st Amendment – Freedom of Speech**

13. The First Amendment guarantees the right to free speech, including political speech. Campaign finance laws such as the BCRA are designed to ensure that political candidates and their supporters can engage in open discourse.
14. The FEC's failure to act has directly infringed on Plaintiff's political speech by preventing him from participating fully in the 2024 election cycle, thereby causing irreparable harm.

**Third Cause of Action: Violation of 52 U.S.C. § 30109(a)(8)(A)**

15. Under **52 U.S.C. § 30109(a)(8)(A)**, an aggrieved party may seek judicial review when the FEC fails to act on a complaint within **120 days**.
16. The FEC's inaction exceeds the **120-day** statutory window, and its failure to formally dismiss the complaint or publish any findings is contrary to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment stating that the FEC's failure to act violates Plaintiff's First and Fourteenth Amendment rights.

2. Direct the FEC to reopen Plaintiff's complaint and issue a ruling within 30 days.
3. Award Plaintiff damages totaling **$99,000,000** in lost independent expenditures and political opportunities.
4. Federal Presidential Election fund.
5. CA releases all rights and pays off all liens of 7250 Old Miners Way, Mountain Ranch CA,95246.

## TABLE OF AUTHORITIES

| Statutes | Description |
| --- | --- |
| U.S. Const. amend. XIV | Equal Protection Clause: Ensures no person shall be denied equal protection under the law. |
| U.S. Const. amend. I | First Amendment: Protects free speech, including political expression. |
| 52 U.S.C. § 30109(a)(8) | Allows judicial review for failure to act on an administrative complaint within 120 days. |
| 52 U.S.C. § 30101–30146 | Bipartisan Campaign Reform Act (BCRA): Governs campaign finance law. |

| Case Law | Description |
| --- | --- |
| City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985) | The standard for equal protection review in discriminatory enforcement of laws or policies. |

## Certificate of service

I hereby certify that I served a copy of this document on October 14th, 2024, either by person or mailing it postage prepaid on October 14, 2024.

*[signature]*