UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHAMBERLAIN,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | No. 2:24-cv-00966-DAD-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT |

Plaintiff, William Chamberlain, proceeds without counsel and has filed a first amended complaint ("FAC") which is before the court for screening.[1] The amended complaint fails to establish the court's jurisdiction and fails to state a claim. The amended complaint should be dismissed without leave to amend for lack of subject matter jurisdiction and for failure to state a claim.

I.  **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2   (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
3   See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

4         A complaint must contain "a short and plain statement of the claim showing that the
5   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7   conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as
9   true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge
10  unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
11  (internal quotation marks and citation omitted).

12        Pro se litigants are entitled to have their pleadings liberally construed and to have any
13  doubt resolved in their favor. Eldridge, 832 F.2d at 1137. Nevertheless, to survive screening, a
14  plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the
15  court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556
16  U.S. at 678.

17  **II.    PLAINTIFF'S ALLEGATIONS**

18        Plaintiff brings this action against the Federal Election Commission ("FEC"). (ECF No.
19  9.) Plaintiff seeks judicial review under 52 U.S.C. § 30109(a)(8) of the FEC's alleged failure to
20  act on an administrative complaint plaintiff filed against Chase Manhattan Bank and Donald
21  Trump for alleged violations of the Bipartisan Campaign Reform Act. (*Id.* at 1.) Plaintiff states
22  the administrative complaint was filed on October 6, 2020 and verbally dismissed by the FEC in
23  March 2022, over 120 days after the complaint was filed. (*Id.* at ¶ 3.) According to plaintiff, the
24  FEC did not investigate or formally respond to the complaint within 120 days as required, and did
25  not provide a written confirmation of dismissal or publish the complaint in a public forum. (*Id.* at
26  ¶¶ 5-6.) Plaintiff alleges that the FEC's failure to act violated his rights under the First and
27  Fourteenth Amendments. (*Id.* at ¶¶ 8-14.) Plaintiff also alleges that the FEC's failure to act
28

resulted in financial harm to Plaintiff, including lost political donations and a missed opportunity to run in the 2024 election, totaling $99 million. (*Id.* at ¶ 7.)

### III. DISCUSSION

Plaintiff's original complaint was dismissed because it failed to state a claim upon which relief can be granted. Plaintiff filed a FAC, however, the FAC does not establish the court's jurisdiction and fails to state a claim.

#### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32.

The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may dismiss an action sua sponte for lack of jurisdiction).

Plaintiff has not established federal question jurisdiction. See 28 U.S.C. § 1331 (the federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). First, plaintiff claims that the FEC failed to act on or investigate his administrative claim under 52 U.S.C. § 30109(a)(8). Exclusive jurisdiction for this claim is vested in the United States District Court for the District of Columbia. 52 U.S.C. § 30109(a)(8); see Salo v. Fed. Election Com'n, 2007 WL 1757352, at *1 (E.D. Cal. June 18, 2007) (citing an old version of the statute); Beverly v. Fed. Elections Com'n, 2009 WL 196361, at *1 (E.D. Cal. Jan. 28, 2009) (same). Plaintiff has improperly brought this claim in the Eastern District of California.

Second, plaintiff's claims under the First and Fourteenth Amendment must also fail. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Plaintiff has not pled that there is a waiver of

1  sovereign immunity. See Salo, 2007 WL 1757352, at *1 (citing United States v. Mitchell, 463
2  U.S. 206, 212 (1983); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Further, federal agencies are
3  not subject to liability under 42 U.S.C. § 1983. Jachetta v. United States, 653 F.3d 898, 908 (9th
4  Cir. 2011); see Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992)
5  ("Plaintiff has no cause of action directly under the United States Constitution.  We have
6  previously held that a litigant complaining of a violation of a constitutional right must utilize 42
7  U.S.C. § 1983."). Finally, plaintiff's claim under the Fourteenth Amendment also fails because he
8  has brought his claim against a federal agency, and "actions of the Federal Government and its
9  officers are beyond the purview of the [Fourteenth] Amendment." District of Columbia v. Carter,
10 409 U.S. 418, 424 (1973). Therefore, this Court lacks jurisdiction over plaintiff's claims.

### B. No Claims Stated

Plaintiff's FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff has not alleged sufficient facts to show that the FEC violated his rights and has failed to state a claim. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's FAC is subject to dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### IV.   PLAINTIFF'S OTHER MOTIONS

Plaintiff has filed a motion to reinstate e-file privileges (ECF No. 8), a motion for summary adjudication (ECF No. 10), a motion for summary judgment (ECF No. 11), a motion to revoke power of attorney (ECF No. 12), and a motion for an extension of time to serve defendant (ECF No. 13). Because the Court is recommending that plaintiff's FAC be dismissed without

leave to amend, plaintiff's motion to e-file is DENIED as moot. For the same reason, the Court recommends that plaintiff's motion for summary judgment (ECF No. 11) and motion for an extension of time (ECF No. 13) be DENIED as moot.

In the motion for summary adjudication (ECF No. 10) and the motion to revoke power of attorney (ECF No. 12), plaintiff names a different party as a defendant and describes facts unrelated to the claims in plaintiff's FAC. In the motion for summary judgment (ECF No. 11) and the motion for an extension of time to serve defendant (ECF No. 13) plaintiff also lists another party not named as a defendant, but these filings appear to relate to the current case. To the extent plaintiff is attempting to bring new claims against Boddy Chamberlain, Jr., plaintiff may open a new case and file a new complaint. Plaintiff's motion for summary adjudication (ECF No. 10) and motion to revoke power of attorney (ECF No. 12) should also be DENIED as moot.

V.     **LEAVE TO AMEND**

In light of the Court's lack of subject matter jurisdiction, it appears granting leave to amend would be futile. The FAC should therefore be dismissed without leave to amend. See Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

VI.    **CONCLUSION**

In accordance with the above, IT IS ORDERED that plaintiff's motion to e-file (ECF No. 8) is DENIED as moot.

In addition, IT IS RECOMMENDED that:

1. The first amended complaint (ECF No. 9) be dismissed without leave to amend for lack of subject matter jurisdiction and for failure to state a claim;
2. Plaintiff's motion for summary adjudication (ECF No. 10) be DENIED as moot;
3. Plaintiff's motion for summary judgment (ECF No. 11) be DENIED as moot;
4. Plaintiff's motion to revoke power of attorney (ECF No. 12) be DENIED as moot; and
5. Plaintiff's motion for an extension of time to serve defendant (ECF No. 13) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to

5

the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 28, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, cham.0966.24